Exhibit F - Part 7

# EXHIBIT E



# BAKER & DANIELS
EST. 1863

**DAVID L. WEINSTEIN**
Partner
Direct 312.212.6555
Fax (312) 212-6686
david.weinstein@bakerd.com

BAKER & DANIELS LLP
311 South Wacker Drive, Suite 4400
Chicago, Illinois 60606
Tel 312.212.6500  Fax 312.212.6501
www.bakerdaniels.com

October 7, 2011

**VIA PDF & US MAIL**

Tracy Coenen
Sequence Inc.
10 South Riverside Plaza, Suite 1800
Chicago, IL 60606

Re:   Marcus Evans Inc.

Dear Ms. Coenen:

    We are counsel to Marcus Evans, Inc. ("MEI"). As you know, MEI is concerned that your web site, www.sequenceinc.com, contains defamatory statements about MEI, its products and its services. As a result, multiple individuals from MEI attempted to discuss these disparaging statements with you, and ask you to permit MEI to show you that your statements were not true. MEI even offered you the opportunity to attend one of its summits at no charge. You refused these gestures and continued disparaging MEI on your website.

    You have engaged in libel, both by republishing the libelous statements of others in your July 27, 2011 posting, and by your own statements in the August 8, 2011 and September 19, 2011 postings. The statements made on your website are not "opinions," but statements of purported fact. Regardless, "there is no artificial distinction between opinion and fact: a false assertion of fact can be defamatory even when couched within apparent opinion or rhetorical hyperbole. Indeed, '[i]t is well established that statements made in the form of insinuation, allusion, irony, or question, may be considered as defamatory as positive and direct assertions of fact.'" *Maxon v. Ottawa Pub. Co.*, 402 Ill.App.3d 704, 715 (3d Dist. 2010), *quoting, Solaia Technology, LLC v. Specialty Pub. Co.*, 221 Ill.2d 558, 581 (2006).

    MEI currently is aware of at least three potential customers who have refused to do business with MEI after seeing the untruthful statements on your website. As a result, MEI has sustained compensatory damages in excess of $100,000. In addition, your unauthorized use of MEI's logo in connection with the defamatory statements in your September 19, 2011 post has

tarnished MEI's trademark rights and constitutes dilution under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

In a further effort to resolve this matter amicably, MEI will agree not to file suit against you and Sequence if you will agree to the following terms:

(1) immediately cease and desist from all comments about and references to MEI in your subsequent postings and other communications; and

(2) immediately delete all comments about and references to MEI on your website, www.sequenceinc.com, including MEI's trademark in your September 19, 2011 post.

We are willing to accept, on MEI's behalf, a copy of this letter, countersigned below by you, as acknowledgment that you agree to comply with the preceding terms.

If we do not receive the requested written assurance by October 12, 2011 and full compliance with the terms of this letter on or before October 14, 2011, MEI will conclude that you are unwilling to amicably resolve this matter. In that event, we will recommend that MEI expeditiously file suit to redress its rights.

We trust you understand that nothing in this letter constitutes a waiver of any rights or claims that MEI now has or subsequently may have against your company or anyone acting in concert with it.

Very truly yours,

David L. Weinstein

DLW:dab